LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANTHONY FELIX TORRES, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 07-1-0004K, CR. NO. 94-155K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Leonard, JJ.)

Petitioner-Appellant Anthony Felix Torres (Torres) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Hearing on and Dismissing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, Filed December 27, 2007" (Order Dismissing Petition), which was filed on February 13, 2009, in the Circuit Court of the Third Circuit (circuit court).[1] We affirm.

I.

In Torres's underlying criminal case, a jury found Torres guilty of the included offense of manslaughter on October 30, 1996. Torres was sentenced on December 20, 1996, to an extended term of imprisonment of twenty years. Torres filed a direct appeal from his judgment of conviction and sentence in Appeal No. 20403. On February 5, 1998, the Hawai'i Supreme Court issued a summary disposition order affirming Torres's conviction and the judgment from which Torres appealed. Torres's conviction and sentence became final in 1998 after the supreme court filed its Judgment on Appeal.

On December 27, 2007, Torres filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition), pursuant to Hawaii Rules of Penal Procedure Rule 40 (2006). Torres asserted three grounds for relief in the Petition: (1) his extended term sentence was

---

[1] The Honorable Elizabeth A. Strance presided.

unconstitutional and violated his Sixth Amendment right to a jury trial and Fourteenth Amendment right to due process; (2) he was subjected to multiple sentences in violation of Article I, section 10 of the Hawai'i Constitution and the Fifth Amendment of the United States Constitution; and (3) the prosecutor had engaged in vindictive misconduct. Torres filed a memorandum of law and other pleadings in support of his Petition. The circuit court concluded that Torres's claims did not entitle him to any relief and issued its Order Dismissing Petition on February 13, 2009.

II.

Torres argues on appeal, as he did in support of his Petition, that based on State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (Maugaotega II), the version of the extended term statute under which he as sentenced, Hawaii Revised Statutes (HRS) § 706-662 (Supp. 1990), was void *ab initio*, and thus his extended term sentence must be vacated and an ordinary term sentence imposed.

Upon careful review of the record and the briefs submitted by the parties, we hold as follows:

Maugaotega II does not apply retroactively to Torres's collateral attack on his extended term sentence which became final in 1998. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005).

The version of HRS § 706-662 under which Torres was sentenced was not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 388-89, 406-15, 184 P.3d 133, 140-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54. Torres's extended term sentence became final before the United States Supreme Court announced its new constitutional rule of criminal procedure in Apprendi v. New

Jersey, 530 U.S. 466 (2000), and thus Torres's extended term sentence was constitutional and legal when imposed. See Gomes, 107 Hawai'i at 314, 113 P.3d at 190. In Jess, the Hawai'i Supreme Court held that the trial court had the authority to resentence Jess to extended terms of imprisonment pursuant to the former version of the extended term sentencing statute, HRS § 706-662 (Supp. 1996), which was in effect in 2000 when Jess committed the charged offenses, by invoking its inherent judicial power to empanel a jury to make the "necessity" finding. Jess, 117 Hawai'i at 388-89, 410-13, 184 P.3d at 140-41, 162-65; see also, State v. Mark, No. 26784, 2010 WL 1888944, at *45-47 (Hawai'i May 12, 2010). The supreme court could not have reached this conclusion in Jess if the former versions of HRS § 706-662 were void *ab initio*.

Torres's reliance upon Riley v. Kennedy, 553 U.S. 406, 128 S. Ct. 1970 (2008), is misplaced. The context in which the Court in Riley determined that an Alabama election law was properly regarded as void *ab initio* was far different from Torres's situation. Riley is inapposite and does not support Torres's arguments.

Accordingly, Torres is not entitled to have his extended term sentence vacated or set aside.

III.

The circuit court's February 13, 2009, Order Dismissing Petition is affirmed.

DATED: Honolulu, Hawai'i, May 28, 2010.

On the briefs:

Anthony Felix Torres
Petitioner-Appellant Pro Se

Linda Walton
Deputy Prosecuting Attorney
County of Hawai'i
Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

Associate Judge

3